UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
AT CHICAGO

| | |
|---|---|
| ANGELA SMITH, an individual<br><br>Plaintiff,<br><br>v.<br><br>VILLAGE OF MAYWOOD. An Illinois municipal corporation<br><br>Defendants. | No.<br><br>COMPLAINT FOR DAMAGES<br><br>**JURY DEMAND** |

NOW COMES THE PLAINTIFF, by and through her attorney, and complains against Defendant as follows:

1. Plaintiff Angela Smith ("Plaintiff" or "Ms. Smith"), by and through her attorneys, alleges as follows against Defendant Village Of Maywood ("Defendant" or "the Village") for violations of her rights under Title VII of the Civil Rights Act of 1964, the Illinois Human Rights Act, and the Illinois Whistleblower Act for Defendant's sexual harassment of Plaintiff including the Village Manager making unwanted sexual advances towards Plaintiff and Defendant's hostile work environment based on its failure to address Plaintiff's complaints about the sexual harassment by her supervisor, the Village Manager, and for Defendant's retaliation against Plaintiff for her opposition to sexual harassment, opposition to race discrimination, and opposition to and complaints about Defendant's repeated unlawful actions during the exercise of their governmental duties.

COMPLAINT FOR DAMAGES
Page 1

**TAREN LAW GROUP PLLC**
303 W. Madison St., Suite 2650
Chicago, Illinois 60606
(206) 622-1604

## I.     THE PARTIES

2. Plaintiff Angela Smith is a resident of the State of Illinois and was employed by the Village of Maywood as its Director of Community Development until her termination on or about April 14, 2025.

3. Defendant Village of Maywood is a municipal entity located in Cook County, Illinois and is an employer within the meaning of Title VII and the Illinois Human Rights Act, and was Plaintiff's employer.

## II.     JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343(a)(3)(4), and 42 U.S.C. § 2000e-5(f)(3).

5. This Court has supplemental jurisdiction over Plaintiff's Illinois Human Rights Act and Whistleblower Act claims under 28 U.S.C. §1367, because the claims are so related to the claims which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's allegations occurred in the Northern District of Illinois, the subject employer is located in this District, and Defendant reside and/or does business in this District.

## III.     FACTUAL ALLEGATIONS

7. Ms. Smith was a dedicated public servant who faithfully executed her duties as Director of Community Development for the Village, and took great pride in her role as Director of Community Development for the Village of Maywood.

8. She brought extensive experience, professionalism, and a deep commitment to ethical governance. Throughout her tenure, she consistently demonstrated a strong work ethic, a collaborative leadership style, and a clear focus on community improvement.

9. Ms. Smith was widely respected by her colleagues and peers, who often sought her guidance on complex issues related to urban planning, housing, and community development.

COMPLAINT FOR DAMAGES
Page 2

TAREN LAW GROUP PLLC
303 W. Madison St., Suite 2650
Chicago, Illinois 60606
(206) 622-1604

10. She took her role seriously and viewed her position not just as a job, but as a responsibility to the people of Maywood.

11. Ms. Smith was known for her approachability, her integrity, and her genuine belief in transparent, community-driven government. Her removal was not only unjustified, but a loss to the community she served with distinction.

12. On August 27, 2024, during a Village-sponsored service award event, the Village Manager, Frank Torres, while visibly intoxicated, sexually harassed Ms. Smith in front of her son and the Village's Human Resources Director, James Ellexson.

13. Mr. Torres made inappropriate advances and attempted to kiss Ms. Smith.

14. Mr. Ellexson physically intervened to stop the harassment.

15. Ms. Smith immediately reported the conduct both verbally and in writing, including an email sent on October 24, 2024.

16. The Village failed to investigate the incident, impose discipline, or provide Ms. Smith with any protection or recourse.

17. Instead, she was forced to continue working under Mr. Torres, creating a hostile work environment.

18. Upon information and belief, Plaintiff alleges that Defendant's decision to ignore her complaints of sexual harassment and a hostile work environment was, in part, based on her race where the Village Manager and Director of HR and both white and Plaintiff is a black female.

19. Ms. Smith also opposed unethical and illegal directives from Mayor Nathanial Booker and Village Manager Torres, including demands to bypass legal hiring and RFP procedures.

20. Throughout her tenure, Ms. Smith was routinely pressured by Mayor Booker to violate state and municipal laws governing public procurement and the lawful disposition of public property.

COMPLAINT FOR DAMAGES
Page 3

TAREN LAW GROUP PLLC
303 W. Madison St., Suite 2650
Chicago, Illinois 60606
(206) 622-1604

21. One of the most egregious examples involved a Village-owned parcel of land slated for sale.

22. Ms. Smith was responsible for overseeing the Request for Proposals (RFP) process and ensuring the Village complied with competitive bidding laws.

23. Mayor Booker repeatedly insisted that a specific company personally selected by him be awarded the contract regardless of the outcome of the RFP process.

24. When Ms. Smith refused to guarantee the selection of the Mayor's preferred applicant, she was met with hostility and accused of disloyalty.

25. Mayor Booker brought in an outside consultant and directed them to work with Village staff to rig the evaluation process in favor of his chosen developer. This direction was explicitly intended to undermine the fair and transparent procedures mandated by law.

26. At least one consultant working on the project resigned in protest over the Mayor's interference, citing concerns about the legality and integrity of the process.

27. Despite Ms. Smith's warnings that the Mayor's conduct was unlawful and exposed the Village to liability, no corrective action was taken.

28. On other occasions, Mayor Booker attempted to bypass the Village's procurement code by issuing verbal directives that staff "fast-track" contracts or approvals for businesses and individuals. Ms. Smith consistently resisted these directives and documented her opposition internally.

29. Plaintiff Smith made numerous complaints about this unlawful behavior, including to Defendant's Village Attorneys, explicitly stating that she was "blowing the whistle this is not right." No action was taken by Defendant to investigate or address Plaintiff's whistleblower complaint.

30. In addition to pressuring Ms. Smith to violate procurement laws, Mayor Booker and Village Manager Torres repeatedly interfered in the Village's hiring processes, basing directives on the race of the candidates rather than their qualifications.

COMPLAINT FOR DAMAGES
Page 4

TAREN LAW GROUP PLLC
303 W. Madison St., Suite 2650
Chicago, Illinois 60606
(206) 622-1604

31. These directives placed Ms. Smith in the untenable position of being expected to implement discriminatory hiring practices.

32. In one instance, Ms. Smith identified a highly qualified white applicant for a Village position. Based on her professional judgment and experience, Ms. Smith determined that this individual was the most suitable candidate following a fair and competitive process.

33. When she informed Mayor Booker of her hiring recommendation, he became visibly angry and made it clear that he disapproved of her selection based solely on the applicant's race.

34. Instead of supporting Ms. Smith's lawful, race-neutral hiring decision, Mayor Booker told her that she would only be permitted to hire the white applicant if she first terminated another white employee whom she had previously hired.

35. Village Manager Torres supported Mayor Booker and expressly stated, "You can have a white for a white," making it unmistakably clear that he expected racial balancing, not lawful merit-based hiring.

36. This occurred on or around June 23, 2024, and Ms. Smith was actually informed that she would be fired if she hired any more white employees. Plaintiff was even told that leadership was hoping to fire HR Director Ellexson because he was white, but was waiting until after the election to do so.

37. Ms. Smith found the comment deeply offensive, discriminatory, and entirely inconsistent with the Village's legal obligations under federal and state civil rights laws. She reasonably believed that the directive to terminate one white employee as a condition to hire another white person was illegal and refused to carry out the instruction. She reported the Mayor's statement and racially discriminatory expectations to the Village's Human Resources Department.

38. Ms. Smith was then subjected to increasing hostility and was included in a pretextual 'no-cause' layoff with only two others.

COMPLAINT FOR DAMAGES  
Page 5

TAREN LAW GROUP PLLC  
303 W. Madison St., Suite 2650  
Chicago, Illinois 60606  
(206) 622-1604

39. On April 14, 2025, Ms. Smith was informed that her employment was being terminated in a layoff. Her performance was not listed as any reason for her termination. The duties and responsibilities that Ms. Smith had as Director of Community Development continue to be performed at the Village because there was no legitimate reason for the elimination of her position other than to terminate her employment in retaliation for her complaints about sexual harassment and a hostile work environment, complaints about the Mayor and Village Manager's unlawful conduct including racial discrimination, and whistleblower retaliation.

40. Defendant Maywood's actions have resulted in Ms. Smith suffering economic damages, including but not limited to lost wages and back pay, in an amount to be determined at trial.

41. Defendant Maywood's actions have resulted in Ms. Smith suffering non-economic damages, including but not limited to emotional distress, in an amount to be determined at trial.

42. Defendant Maywood's actions were taken willfully, maliciously, and/or with reckless disregard for the rights of Ms. Smith.

43. After Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission and the Illinois Human Rights Commission, Defendant engaged in post-termination retaliation against Plaintiff by soliciting potential witnesses and threatening and intimidating them into fabricating false complaints or concerns about Plaintiff's performance.

44. The EEOC issued a Notice of Right to Sue to Plaintiff and this lawsuit is being filed within 90 days.

### IV.    CLAIMS FOR RELIEF

45. Plaintiff realleges and reincorporates by reference each and every allegation set forth in the preceding paragraphs.

46. Claim 1 – Sex Discrimination in violation of 42 USC §2000e-2(a), for Defendant's discriminatory sexual harassment of Plaintiff, including creating a sexually hostile work

COMPLAINT FOR DAMAGES
Page 6

TAREN LAW GROUP PLLC
303 W. Madison St., Suite 2650
Chicago, Illinois 60606
(206) 622-1604

environment based on the Village Manager harassing Plaintiff and Defendant failing to take any action to remedy the sexual harassment and allowing the Village Manager to continue supervising Plaintiff without any investigation or discipline in response to his unlawful sexual conduct towards Plaintiff.

47. Claim 2 – Sex Discrimination in violation of the Illinois Human Rights Act, 775 ILCS 5/2-201, for Defendant's sexual harassment of Plaintiff, including creating a sexually hostile work environment based on the Village Manager harassing Plaintiff and Defendant failing to take any action to remedy the sexual harassment and allowing the Village Manager to continue supervising Plaintiff without any investigation or discipline in response to his unlawful sexual conduct towards Plaintiff.

48. Claim 3 – Race Discrimination in violation of 42 USC §2000e-2(a), for Defendant's discriminatory decision not to respond to, investigate, or take seriously, Plaintiff's complaints of sexual harassment and a sexually hostile work environment and thereby subjecting her to different terms and conditions of employment based on her race, black, by Village Manager Torres and the Director of HR who are both white and where similar complaints by a white employee would have been taken more seriously.

49. Claim 4 – Race Discrimination in violation of the Illinois Human Rights Act, 775 ILCS 5/2-201, for Defendant's discriminatory decision not to respond to, investigate, or take seriously, Plaintiff's complaints of sexual harassment and a sexually hostile work environment and thereby subjecting her to different terms and conditions of employment based on her race, black, by Village Manager Torres and the Director of HR who are both white and where similar complaints by a white employee would have been taken more seriously.

50. Claim 5 – Retaliation in violation of 42 USC §2000e-3(a), for Defendant's harassing conduct including but not limited to termination of Plaintiff's employment because of Plaintiff's opposition to race discrimination in the workplace.

COMPLAINT FOR DAMAGES
Page 7

TAREN LAW GROUP PLLC
303 W. Madison St., Suite 2650
Chicago, Illinois 60606
(206) 622-1604

51. Claim 6 – Retaliation in violation of the Illinois Human Rights Act, 775 ILCS 5/6-102, Defendant's harassing conduct including but not limited to termination of Plaintiff's employment because of Plaintiff's opposition to race discrimination in the workplace.

52. Claim 7 – Retaliation in violation of 42 USC §2000e-3(a), for Defendant's harassing conduct including but not limited to termination of Plaintiff's employment because of Plaintiff's opposition to sexual harassment and a hostile work environment.

53. Claim 8 – Retaliation in violation of the Illinois Human Rights Act, 775 ILCS 5/6-102, Defendant's harassing conduct including but not limited to termination of Plaintiff's employment because of Plaintiff's opposition to sexual harassment and a hostile work environment.

54. Claim 9 – Violation of the Illinois Whistleblower Act, 740 ILCS 174/15 & /20 for Defendant's retaliation against Plaintiff for opposing unlawful governmental conduct by Mayor Booker and Village Manager Torres, including but not limited to Defendant's retaliatory termination of Plaintiff's employment because of her opposition to and complaints about Defendant's unlawful conduct in violation of village ordinances to run the Village as a managerial government and not a strong mayoral government.

## V.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests as follows:

A. That this case be tried to a jury;

B. That Plaintiff be awarded general damages, including interest thereon, to compensate her for the economic loss damages that she suffered resulting from Defendant's unlawful conduct under Title VII, the IHRA, and IWA, including back pay, front pay, adverse tax consequences, and pre and post judgment interest.

C. That Plaintiff be general damages to compensate her for the non-economic damages that she suffered from Defendant's wrongful conduct including but not limited to emotional distress, loss of enjoyment of life, humiliation, pain and suffering,

COMPLAINT FOR DAMAGES
Page 8

TAREN LAW GROUP PLLC
303 W. Madison St., Suite 2650
Chicago, Illinois 60606
(206) 622-1604

personal indignity, embarrassment, fear, anxiety, and/or anguish experienced and with reasonable probability to be experienced by Plaintiff in the future.

D. That Plaintiff be awarded her reasonable attorney's fees and costs related to the case.

E. That this Court grant Plaintiff such additional relief as it sees fit and just.

Respectfully submitted this 1st day of October, 2025:

By:   s/ Jordan Taren
      Jordan A. Taren, WSBA No. 50066
      Taren Law Group PLLC
      303 W. Madison St., Suite 2650
      Chicago, IL 60606
      Telephone: (206) 622-1604
      Email:   jtaren@tarenlaw.com
      Attorney for Plaintiff

COMPLAINT FOR DAMAGES
Page 9

TAREN LAW GROUP PLLC
303 W. Madison St., Suite 2650
Chicago, Illinois 60606
(206) 622-1604